Judge ROTH,
concurring in part and concurring in the result:
130 I concur in Part I of the majority opinion and in the court's judgment "affirm[ing] the dismissal of Mr. Meza's suit under the PCRA." See supra 129. I cannot join in Part II, however. First, Mr. Meza did not request a writ of any kind in the lower court. See 438 Main St. v. Easy Heat, Inc., 2004 UT 72, ¶ 51, 99 P.3d 801. And whether or not preserved below, I cannot read Mr. Meza's argument on appeal-that this court has common-law authority to modify the PCRA or provide a remedy beyond its bounds-so broadly as to invoke this court's common-law writ jurisdiction. Second, I share Justice Lee's concern that the majority opinion's proposed rule 60(b)(6) solution to Mr. Meza's dilemma has not yet passed the test of the adversarial process, as it was neither raised nor briefed by the parties. Cf. State v. Robison, 2006 UT 65, ¶ 22, 147 P.3d 448. That said, a rule 60(b)(6) approach to resolution of the catch-22 created at the intersection of the plea-in-abeyance statute and the PCRA seems promising and is certainly worth further consideration in an appropriate setting.